**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MODERN WOODMEN OF AMERICA**                          **PLAINTIFF**

**V.**                          **NO. 4:25-CV-68-DMB-DAS**

**BRYAN A. WEAVER; MEAGAN
BROOKE WEAVER; TYLER ADAMS
WEAVER; and M.R.W., a minor**                          **DEFENDANTS**

## ORDER

On May 22, 2025, Modern Woodmen of America filed a "Complaint for Interpleader" in the United States District Court for the Northern District of Mississippi against Bryan A. Weaver; Meagan Brooke Weaver; Tyler Adams Weaver; and M.R.W., a minor. Doc. #1. Six days later, Modern Woodmen filed a motion requesting Exhibits A-D to the complaint "be permanently sealed from public access only, with CM/ECF access permitted to the litigants' counsel." Doc. #3 at 2. As cause, Modern Woodmen represents that Exhibits A-D "were filed without confidential and personal information being redacted," and there are "clear and compelling reasons to protect against disclosure of confidential and personal information." *Id.* at 1.

Local Rule 79(e) requires a motion to seal be accompanied by a non-confidential supporting memorandum[1] and a proposed order, both of which must include:

    (A)    A non-confidential description of what is to be sealed;
    (B)    A specific request that the document or case:
            (1)    Be sealed from any access by the public and the litigants' counsel;
            (2)    Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
            (3)    Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
    (C)    A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why

---
[1] "A party may also submit a confidential memorandum for in camera review." L.U. Civ. R. 79(e)(2).

> another procedure will not suffice;
> (D) References to governing case law; and
> (E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
> (F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

L.U. Civ. R. 79(e)(3). Because Modern Woodmen's motion to seal is not accompanied by a supporting memorandum—much less one that contains a non-confidential description of what it seeks to seal, references governing case law, and states why sealing is most appropriate or why another procedure would not suffice[2]—and because the proposed order Modern Woodmen submitted also does not contain the requisite information, the motion to seal [3] is **DENIED without prejudice**.

    **SO ORDERED**, this 29th day of May, 2025.

    /s/Debra M. Brown
    **UNITED STATES DISTRICT JUDGE**

---

[2] Based on Modern Woodmen's request in the body of the motion that it "be allowed to refile redacted copies of Exhibits A-D," *see* Doc. #3 at 1, the Court presumes redaction would suffice. Still, nothing in the motion precisely explains why the subject information is "confidential and personal" or what the "clear and compelling reasons" are protecting its disclosure.