IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MODERN WOODMEN OF AMERICA**                      **PLAINTIFF**

**V.**                      **CIVIL CAUSE NO. 4:25-CV-68-JDM-DAS**

**BRYAN A. WEAVER, ET AL.**                      **DEFENDANTS**

## ORDER

Modern Woodman of America (Modern Woodman) does not contest that it owes $400,000 in death benefits under Tracy Tyler Weaver's life insurance policy. [5-1] But the named primary beneficiary under the policy, Bryan Weaver, was charged with murdering Tracy—calling into question his ability to receive the death benefits under Mississippi law.[1] Unsure whom to pay the death benefits, Modern Woodman filed this interpleader action, naming Bryan and Tracy's contingent beneficiaries as defendants. [5] Modern Woodman then deposited $423,043.09 into the registry of the court—the amount owed under the policy, including interest. [9, 14]

Modern Woodman now moves for dismissal with prejudice from the interpleader action. [22] It also requests the named defendants be permanently enjoined from asserting any claims against it. Finally, it requests $6,067.75 as reasonable attorney's fees, costs, and expenses for prosecuting the interpleader. Neither Bryan nor any other defendant has responded.

Because Modern Woodman is a disinterested stakeholder in the death-benefits dispute, has paid the $400,000 in benefits plus interest into the registry of this Court, and makes a reasonable attorney's fees request, its motion is **GRANTED.**

---

[1] *See* Miss. Code Ann. § 91-1-25 (prohibiting anyone who willfully causes another's death to inherit from the deceased).

**Dismissal from Interpleader**

Modern Woodman's primary request is to be dismissed with prejudice from the interpleader action it initiated.

"Interpleader is a device [that] allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363-64 (5th Cir. 1983). In this case, there is a single fund—$400,000 in death benefits under Tracy's life insurance policy. And there are potential multiple claimants—(a) Bryan, the named beneficiary who has filed a claim for the benefits [5-3] but who also has been criminally charged with shooting Tracy to death, and (b) Tracy's contingent beneficiaries, who would receive the benefits should Bryan be deemed ineligible to financially benefit from causing Tracy's death. At this initial stage of the interpleader, "the merits of these potential claims are irrelevant." *Id.* at 364. "[T]he threat of multiple vexation by future litigation provides sufficient basis for interpleader under [Federal Rule of Civil Procedure] 22." *Id.* at 364. In other words, the mere threat of being subject to multiple claims for the same life benefits was enough for Modern Woodman to initiate this interpleader under Rule 22. *Id.*; *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015).

Having initiated a proper interpleader, Modern Woodman has also tendered the $400,000, plus interest, in death benefits to the Court. And it is a "principle of interpleader" that when a third-party in possession of the "fruit of the dispute," in this case Modern Woodman, "is willing to give it up," that third party should "be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense." *Tittle v. Enron Corp.*, 463

F.3d 410, 423 (5th Cir. 2006) (emphasis removed) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1702 (3d. ed. 2001)). For this reason, Modern Woodman is dismissed from this action with prejudice and discharged from any further liability connected to Tracy's life insurance policy. This leaves the defendants to come forth and assert their respective claims to the $423,023.09 in death benefits deposited in the Court's registry.

### Attorney's Fees

Modern Woodman also requests "reasonable attorney's fees, costs, and expenses that Modern Woodmen has been compelled to expend in the prosecution of this Complaint for Interpleader." [22]

Though not automatic, attorney's "fees are available when the interpleader is a disinterested stakeholder[] and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (citing *Phillips Petroleum Co. v. Hazlewood,* 534 F.2d 61, 63 (5th Cir.1976)). And the "district court has the authority to award reasonable attorney's fees in interpleader actions." *Id.* (citing *Corrigan Dispatch Co.*, 696 F.2d at 364)).

Here, Modern Woodman has proved its disinterest by tendering the death benefits to the Court. *See Tittle v. Enron Corp.*, 463 F.3d at 424. And it supports its fee request with an affidavit from its lead attorney Kelley Simpkins. The affidavit shows that Modern Woodman, in initiating and prosecuting this interpleader, incurred $5,356.00 in attorney's fees and $711.75 in court costs and expenses, for a total of $6,067.75." [22-1] This Court finds these fees and expenses were reasonable. So Modern Woodman is granted $6,067.75 in attorney's fees and expenses.

**Conclusion**

Modern Woodman's Motion for Dismissal and for Attorney's Fees and Expenses [22] is **GRANTED**. Accordingly,

1. The defendants are to assert and settle among themselves their respective claims to the policy proceeds paid into the registry of the Court.

2. The $423,043.09 deposited into the Court's registry is the extent of Modern Woodman's liability to any with respect to the benefits of Tracy Tyler Weaver's life insurance policy.

3. The defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns are permanently enjoined from asserting any future claims, demands, or actions against Modern Woodman arising out of or related to the policy.

4. The Clerk of Court is **DIRECTED** to pay Kelly Simpkins, as Modern Woodman's counsel, a total of $6,067.75 from the funds deposited into the Court's registry.

5. Modern Woodman is **DISMISSED with prejudice**.

   **SO ORDERED**, this the 11th day of February 2026.

    /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI